PHILLIP T. WHITEAKER, Judge, concurring. |nI agree with the majority’s decision that there was substantial evidence to support the jury’s verdict on Dr. McGraw’s promissory estoppel claim. I write separately to emphasize that I believe there was also substantial evidence presented to support the jury’s verdict on Dr. McGraw’s negligence claims. Mercy claims on appeal that it was entitled to a judgment notwithstanding the verdict because it did not owe any duty to Dr. McGraw to ensure that the complaint was forwarded to the insurance carrier. The issue of what duty is owed by one party to another is always a question of law and never one for the jury. See Capel v. Allstate Ins. Co., 78 Ark.App. 27, 77 S.W.3d 583 (2002). When no duty of care is owed, a negligence cause of action is decided as a matter of law and a judgment notwithstanding the verdict is proper. See D.B. Griffin Warehouse, Inc. v. Sanders, 336 Ark. 456, 986 S.W.2d 836 (1999). However, a party who gratuitously undertakes a duty can be liable for negligently performing that duty. See Steward v. McDonald, 330 Ark. 837, 958 S.W.2d 297 (1997). Mercy never disputed that its staff had been instructed to copy and forward malpractice actions to in-house counsel when a physician was served with a summons and complaint. While there may have been no written policy with respect to the handling of malpractice actions by clinic staff, there was clearly an unwritten policy on doing so. In fact, Dr. Goss, the clinic president, testified that the clinic needed a more formal process and a flow sheet with check offs to ensure that this scenario would not happen again. There was also no evidence of any written policy specifically disclaiming responsibility for the reporting of 112malpractice actions to in-house counsel or the insurance carrier by clinic staff. It was also undisputed that the legal documents at issue here were taken from Dr. McGraw by employees of the clinic — acting within the course of their employment— and that an attempt was made by the clinic employees to actually forward those documents to in-house counsel through interdepartmental mail. Clinic staff then advised Dr. McGraw that the matter would be “taken care of.” On these facts, I would find that Mercy Health Systems voluntarily assumed a duty to forward the legal documents to the proper party for defense of the malpractice action. It breached that duty when it failed to do so.